IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEGAN CAYWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-01044-K |
| | § | |
| DELOITTE SERVICES LP, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Deloitte Services LP's ("Deloitte's") Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) (the "Motion")(Doc. No. 14) which seeks to dismiss Plaintiff Megan Caywood's ("Ms. Caywood's") First Original Amended Complaint (the "Amended Complaint") (Doc. No. 13). Deloitte seeks dismissal with prejudice on the basis that Ms. Caywood failed to serve process on Deloitte within the time required by Federal Rule of Civil Procedure 4(m). Ms. Caywood did not file a response to the Motion, but in her Amended Complaint, addressed the reasons for the untimely service on Deloitte.

After careful review of Deloitte's Motion, the record, and the relevant law, the Court finds that Ms. Caywood's service on Deloitte was untimely in that Deloitte was served one day past the time permitted under the Federal Rules. FED. R. CIV. P. 4(m). But the Court also finds that Deloitte's untimely service does not warrant dismissal of Ms. Caywood's claims. As the Fifth Circuit explains, "the plain language of Rule 4(m)

1

broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996); *see, e.g., Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008)("discretionary extension may be warranted" when "the applicable statute of limitations would bar the refiled action"). As granting Deloitte its Motion to Dismiss would bar Ms. Caywood's refiling her claims, the Court *sua sponte* exercises its discretion under Federal Rule 4(m) to extend the time for Ms. Caywood's to effect service on Deloitte by one day. Since Deloitte has already been served, and under this extended deadline, its service was timely, the Court DENIES Deloitte's Rule 12(b)(5) Motion to Dismiss as moot.

**SO ORDERED.**

Signed May 21st, 2025.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

2